UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEVARIS CASTELARE,<br>    *Plaintiff*,<br><br>v.<br><br>CARLOS LOPEZ, *et al.*,<br>    *Defendants*. | CASE NO. 3:23-cv-1472 (KAD)<br><br><br><br><br>MARCH 18, 2024 |

## INITIAL REVIEW ORDER

Kari A. Dooley, United States District Judge:

Plaintiff Devaris Castelare ("Castelare"), a special parolee currently confined at New Haven Correctional Center, filed this complaint *pro se* pursuant to 42 U.S.C. § 1983. Castelare seeks damages for the cost of lost property against three defendants: Sierra House Program Director Carlos Lopez, Parole Officer J. Babich, and John Doe Population Management.

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

On February 21, 2022, Castelare was released to Sierra House, a halfway house, instead of his self-sponsored apartment. ECF No. 1 at 4–5. Because he never occupied the apartment, he was evicted on the ground of abandonment. *Id.* at 5.

On September 23, 2022, Castelare contacted Defendant Lopez seeking return of his property which allegedly was in Defendant Lopez's office. *Id.* Defendant Lopez denied the request, stating that Parole Officer Babich told him not to release Castelare's property. *Id.* at 4, 5.

**Discussion**

Castelare is serving a term of special parole. The Connecticut Supreme Court has explained that special parole operates "as a sentencing option in cases [in which] the judge wanted additional supervision of a defendant after the completion of his prison sentence." *State v. Victor O.*, 320 Conn. 239, 252 (2016). The term of special parole is imposed by the court, but the Board of Pardons and Paroles has independent decision-making authority to establish the conditions of special parole and to revoke special parole. Conn. Gen. Stat. § 54-124a(f); *see also Lurry v. Ford*, No. 3:13-cv-1157 (MPS), 2014 WL 859270, at *3 n.4 (D. Conn. Mar. 5, 2014). Although persons on special parole are under the jurisdiction of the Board of Pardons and Paroles, they are supervised by the Department of Correction. Conn. Gen. Stat. § 54-124a(g).

Although the allegations are sparse, the Court can discern two possible claims: a claim against John Doe Population Management for releasing Castelare to the halfway house instead of the apartment and a claim against Defendants Lopez and Babich for his lost property.

*Release to Halfway House*

Castelare alleges that he was released on special parole to Sierra House and not to his "self-

sponsored apartment." The Court assumes that Castelare rented the apartment on his own and that it was not approved by the court or parole board.

"If sentencing a person to a period of special parole, the court may recommend that such person comply with any or all of the requirements of subsection (a) of section 53a-30." Conn. Gen. Stat. § 54-125e(b)(2). One of the requirements in § 53a-30, which sets forth conditions of probation and conditional release, is that the individual "reside in a residential community center or halfway house approved by the Commissioner of Correction. . . ."

Castelare does not provide the conditions of his special parole. Accordingly, the Court cannot determine whether he was required to reside in a halfway house rather than an apartment. Even if he were not so required, research reveals no case holding that a special parolee has any constitutional right to be released to a particular location to serve his period of special parole. Thus, Castelare has not alleged facts showing that Defendant Doe violated his constitutional rights by releasing him to Sierra House.

In the absence of any decisions recognizing such a constitutional right, even if such a right exists, Defendant Doe would be protected by qualified immunity. Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity would be denied to an official only if (1) the facts alleged or shown by the plaintiff state a violation of a statutory or constitutional right by the official and (2) the right was clearly established at the time of the challenged conduct. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citation omitted). The district court has discretion to determine, in light of the particular circumstances surrounding the case, which of the two prongs of the qualified

immunity standard to address first. *See Johnson v. Perry*, 859 F.3d 156, 170 (2d Cir. 2017) (quoting *Pearson*, 555 U.S. at 236). Absent a Second Circuit or Supreme Court decision holding conduct similar to that of the Defendant unconstitutional, the right is not clearly established and a reasonable person in Defendant Doe's position would not have understood that his conduct violated Castelare's rights. As research has revealed no decision requiring that Castelare be released on special parole to a "self-sponsored apartment," Defendant Doe is protected by qualified immunity. The claim against Defendant Doe is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

*Lost Property*

Castelare's second claim is that Defendant Lopez, on the advice of Defendant Babich, refused to return Castelare's property. He alleges that Defendant Babich is employed by the Board of Pardons and Paroles and Defendant Lopez is employed by The Connection Inc. *See* ECF No. 1 at 2.

The United States Constitution regulates only government officials and entities, not private parties. Thus, to file a § 1983 action, the plaintiff must identify conduct by a person acting under color of state law. *See Torres v. Office of Adult Prob.*, No. 3:22-cv-883 (SALM), 2023 WL 319233, at *5 (D. Conn. Jan. 19, 2023).

"The Connection Inc. is a private corporation contracted by the State of Connecticut to provide specialized, community-based . . . programs at various locations throughout the State." *Parkman v. O'Connor*, No. 3:18-cv-1358 (KAD), 2020 WL 4284485, at *2 n.3 (D. Conn. July 27, 2020) (citation and quotation marks omitted). Sierra House is one such location. Neither Sierra House nor The Connection Inc. is a state agency, and their employees are not state actors. *See Martin v. Mejias*, No. 3:19-cv-1101 (KAD), 2019 WL 3457237, at *2 (D. Conn. July 31, 2019) (citing *Awad v. Sierra Pre-Trial*, No. 3:18-cv-1506 (JAM), 2019 WL 2437853, at *3 (D. Conn.

4

June 11, 2019) (determining that neither the Sierra treatment program nor its employees were state actors to support a § 1983 claim)).

> A private entity acts under color of state law for purposes of § 1983 when "(1) the State compelled the conduct [the 'compulsion test'], (2) there is a sufficiently close nexus between the State and the private conduct [the 'close nexus test' or 'joint action test'], or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State [the 'public function test']." *Hogan v. A.O. Fox Memorial Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

*Torres*, 2023 WL 319233, at *5 (quoting *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014)).

The challenged action is the refusal to return personal property. This action is not fairly attributable to the state. Thus, Defendant Lopez was acting as a private party, not a state actor, and his actions are not subject to suit under § 1983.

Defendant Babich is alleged to be a state employee. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property[.]" *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). When the claim is based on the deprivation of property, the Supreme Court has held that the crucial requirement is that the plaintiff was deprived of his property without due process of law. *See Parratt v. Taylor*, 451 U.S. 527, 537 (1981). If a pre-deprivation hearing is impracticable, a state-authorized post-deprivation hearing that offers a full and meaningful hearing for the plaintiff will satisfy the requirements of due process. *See id.* at 541; *see also Edwards v. Erfe*, 588 F. App'x 79, 80 (2d Cir. 2015) (prisoner cannot state a due process claim for lost property if the state has created adequate post-deprivation remedies).

Connecticut provides a remedy for individuals claiming unauthorized deprivations of property by state officers. *See, e.g.*, *Sherman v. Corcella*, No. 3:19-cv-1889 (CSH), 2020 WL

5

4043178, at *17 (D. Conn. July 16, 2020); *Longmoor v. Nilsen*, 329 F. Supp. 2d 289, 302 (D. Conn. 2004). Specifically, Connecticut General Statutes § 4-141, *et seq.*, provides that a person may bring a claim with the Office of the Claims Commissioner. The Second Circuit has held that Connecticut's post-deprivation remedies for lost property through the Claims Commissioner satisfy due process. *See Riddick v. Semple*, 731 F. App'x 11, 13–14 (2d Cir. 2018). Because Connecticut has adequate post-deprivation remedies, Castelare cannot state a plausible due process claim against Defendant Babich for lost property.

The claims against Defendants Lopez and Babich are dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Castelare may pursue claims against them in state court for conversion.

**Conclusion**

The § 1983 claims are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and (b)(2). Plaintiff may bring his claims for lost property against Lopez and Babich in state court. The Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of March 2024.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE